UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
ROBERT N. and ADRIENNE            *       CIVIL ACTION
ELYSSA SCHULTZ

versus                            *       NO. 06-7325

EMANUEL J. HIDALGO, STATE FARM    *       SECTION "F"
INSURANCE COMPANY AND STATE FARM
FIRE & CASUALTY COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged the Schultzs' home in New Orleans, Louisiana. The Schultzs bought both flood and homeowners' policies from State Farm. The flood policy was underwritten by FEMA through the National Flood Insurance Program, in which State Farm was a participating carrier. State Farm issued the Schultzs' homeowners policy. The Schultzs filed claims under both policies. State Farm and FEMA paid 100% of the claim under the flood policy ($350,000), but State Farm refused to pay the claim under the homeowners policy (over $500,000). The Schultzs filed a lawsuit in state court on August 25, 2006, naming State Farm and Emanuel Hidalgo, the State Farm agent. They asserted they were entitled to payment for the value of the homeowners policy, plus state law

1

penalties.  The Schultzs also asserted that both the agent and State Farm were liable for negligence in procurement of insurance because neither advised them of gaps in coverage between the flood and homeowners policies.

The defendants removed the case to this Court on October 5, 2006, invoking this Court's original diversity jurisdiction and, alternatively, original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1).  The Schultzs now move to remand, arguing that State Farm has not met its burden to show that the in-state defendant, Hidalgo, has been improperly joined and that the parties meet the requirements for diversity jurisdiction.  The Schultzs also argue that the MMTJA is not applicable in this case to provide jurisdiction.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec.

Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the majority of the Schultzs' allegations are directed at State Farm for "arbitrary and capricious" failure to pay damages under their homeowner's policy, primarily because the parties dispute whether the damage was caused by hurricane winds or flood waters. But one complaint is directed toward Hidalgo.  The Schultzs allege he was negligent by making "specific assurances...that Plaintiffs' home and its contents were adequately insured for losses such as those sustained by them due to the direct effects of Hurricane Katrina," which may represent a cause of action under Louisiana law.  See Graves v. State Farm Mutual Auto Ins. Co., 821 So.2d 769 (La. App. 2002).  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that State Farm has not met its burden in proving that the Schultzs have no possibility of recovery against Hidalgo under Louisiana state law.

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in

3

part because Hurricane Katrina is not classified by the Court as an "accident."  See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

      Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.

      New Orleans, Louisiana, December 14, 2006.

      _____
      MARTIN L. C. FELDMAN
      UNITED STATES DISTRICT JUDGE